**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GEORGE M. MILLER,

                Plaintiff,

-vs-                                                      Case No. 8:02-cv-1080-T-24MSS

EVERETT S. RICE, et al.,

                Defendants.

_____

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff's motion titled Motion to Vacate Judgment Based Upon Intrinsic & Extrinsic Fraud Pursuant to Fed. R. Civ. P. 60(b) (Doc. No. 186). Defendants filed a response in opposition thereto (Doc. No. 188). Plaintiff, without leave of the Court, filed a reply brief (Doc. No. 190).

Plaintiff claims the instant motion is an independent action based upon fraud on the Court pursuant to Fed. R. Civ. P. 60(b)(apparently in an effort to avoid Rule 60(b)(3)'s one year time limitation). Specifically, Plaintiff argues that Defendant Charles Street ("Street") presented testimony in this action which was "completely 'opposite' to the testimony [Street] presented at [Plaintiff's] criminal trial" and that on the basis of this alleged fraudulent testimony, this Court should "vacate the judgment and order a new trial" (Doc. No. 186). Defendants argue that Plaintiff's motion to vacate is untimely and without merit. The Court agrees that Plaintiff's motion is untimely and without merit.

On December 2, 2002, Plaintiff filed an amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983, claiming that Defendant Street used excessive force

during a foot chase (Doc. No. 7).  A four day jury trial was held in this case January 4-8, 2004.  On January 9, 2004, judgments were entered in favor of Defendants Rice and Street (Doc. Nos. 117 and 118).  On January 20, 2004, Plaintiff filed a motion for new trial as to Defendant Street (Doc. No. 120).  On January 30, 2004, after a hearing on Plaintiff's motion, this Court entered an Order denying Plaintiff's motion for new trial against Deputy Street (Doc. No. 134).

On April 12, 2004, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit "from the Final Judgment in favor of Deputy Charles Street" and "the Order denying a new trial"(Doc. No. 146).  On July 19, 2004, the Eleventh Circuit remanded the case to this Court for a determination as to the date that Plaintiff delivered his notice of appeal to prison officials for forwarding to the district court (Doc. No. 160).  On September 1, 2004 this Court conducted a hearing and on September 2, 2004 entered an Order finding Plaintiff timely filed his notice of appeal (Doc. No. 173).  On June 29, 2005, the Eleventh Circuit affirmed this Court noting Plaintiff's failure to provide it with a complete trial transcript (Doc. No. 181).

Fed. R. Civ. P. 60(b) states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . ..  The motion shall be made within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken. . . ..  This rule does not limit the power of a court to entertain an independent action to relieve a party from judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. §1655, or to set aside a judgment for fraud upon the court.

Pursuant to Fed. R. Civ. P. 60(b)(3), motions for relief from judgment based upon fraud must be made within one year after the judgment was entered.  As judgment in this case was entered on January 9, 2004, Plaintiff's motion to vacate filed on April 7, 2006 is clearly untimely

as it was filed outside of the prescribed time limitations of Fed. R. Civ. P. 60(b)(3). See Anderson v. United States, 159 Fed. Appx. 936 (2005); see also Daeda v. Lee County Sch. Dist., 2006 WL 279099, *2 (M.D. Fla. 2006). Accordingly, Plaintiff's motion to vacate is denied because it is time barred.

Even if Plaintiff's motion were not time barred, the Court would deny it. "To obtain relief from final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other conduct." Id. at *3. Furthermore, the moving party must also demonstrate that the conduct prevented him from fully presenting his case. See id.; see also Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Here, Plaintiff has failed to file the transcripts of Defendant Street's civil trial testimony and filed only two pages of his criminal trial testimony. The Court has only Plaintiff's rendition of that testimony. Accordingly, he has not met his burden of proving by clear and convincing evidence that the verdict was obtained through fraud.

Additionally, if this Court were somehow to construe Plaintiff's motion as an independent action, denial of Plaintiff's motion is appropriate. Rule 60(b) and the independent actions its savings clause preserves give the court the power to set aside a judgment whose integrity is lacking. It does not provide is a means for litigants to obtain the district court's reconsideration of the claims and defenses its judgment adjudicated. See Gonzalez v. Sec'y for Dep't. of Corr., 366 F.3d 1253, 1295 (11th Cir. 2004). Here it is apparent that Plaintiff is improperly attempting to relitigate his case by means of his motion to vacate.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to vacate (Doc. No. 186) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of July, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Pro Se Plaintiff
Counsel of Record